IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DONALD L. BOHLKE, | ) | 4:09CV3209 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| MICHAEL THURBER, Director, | ) | **AND ORDER** |
| TERRY WEBER, Superintendent, | ) | |
| STEVE FREE, Counselor, and | ) | |
| UNKNOWN, Any and All nurses and | ) | |
| COs names unknown, | ) | |
| | ) | |
| Defendants. | ) | |

  Plaintiff filed his Complaint in this matter on October 8, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

### I. SUMMARY OF COMPLAINT

  Plaintiff filed his Complaint on October 8, 2009, against three named individuals and "Any and All" Unknown nurses and COs. (Filing No. 1 at CM/ECF p. 1.) Plaintiff sues these individuals in their official capacities only. (*Id*. at CM/ECF p. 5.) Plaintiff is currently confined in The Nebraska State Penitentiary ("NSP") in Lincoln, Nebraska. (*Id*. at CM/ECF p. 1.)

  Condensed and summarized, Plaintiff alleges that the Unknown COs were deliberately indifferent to his serious medical needs because they refused to provide

him with a nurse on two separate occasions.[1] (*Id*. at CM/ECF p. 5.) The first incident occurred on February 5, 2009, when Plaintiff's ears were oozing red and white fluids. (*Id*. at CM/ECF pp. 6-7.) Plaintiff repeatedly informed the COs of his condition, but they refused to let him see a nurse for almost a week. (*Id*.) When Plaintiff finally did see a nurse, he was treated with ear drops. (*Id*.)

The second incident occurred on February 25, 2009, when Plaintiff was having an asthma attack. (*Id*. at CM/ECF p. 10.) Again, Plaintiff informed the attending CO of his condition, but the CO refused to bring him an inhaler. (*Id*.) Eventually, a "shift captain" found Plaintiff on the floor and called a nurse to bring him an inhaler. (*Id*. at CM/ECF pp. 10-11.)

Separately, Plaintiff alleges that Defendant Steve Free gave a "bad answer" in response to Plaintiff's February 5, 2009 question about why he was being kept in a holding cell. (*Id*. at CM/ECF p. 13.) Plaintiff seeks monetary compensation in the amount of $1,500,000.00 and attorney's fees. (*Id*. at CM/ECF pp. 5, 19.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

---

[1]Plaintiff also makes generalized allegations against the Unknown COs about his conditions of confinement, "mental anguish," violations of privacy and "cut" library times. (Filing No. 1 at CM/ECF pp. 11-17.)

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

#### A. Sovereign Immunity

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of

immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

In addition, a claim against an individual, in her official capacity, is in reality a claim against the entity which employs the official. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. . . . Therefore, the appellants in this case will collectively be referred to as the City.") (quotations omitted). *Accord Eagle v. Morgan*, 88 F.3d 620, 629 n.5 (8th Cir. 1996) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). As such, damages claims against individual state employees acting in their official capacities are also barred by the Eleventh Amendment. *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997).

Here, Plaintiff sues several individual state employees in their official capacities only: NSP Director Mike Thurber, NSP Superintendent Terry Weber, and the Unknown COs. (Filing No. 1 at CM/ECF p. 1.) In addition, Plaintiff only seeks monetary damages. (*Id*. at CM/ECF pp. 5, 19.) As set forth above, the Eleventh Amendment bars claims for damages by private parties against employees of a state sued in their official capacities. Consequently, Plaintiff's claims against Thurber, Weber, and the Unknown COs are barred by the Eleventh Amendment. In light of this, Plaintiff's claims against Thurber, Weber, and the Unknown COs are dismissed.

**B.     Plaintiff's Claims Against Free**

As discussed above, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute. *West*, 487 U.S. at 48; *Buckley*, 997 F.2d at 495. In addition, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Plaintiff's only allegations against Free are that he gave a "bad answer" in response to Plaintiff's February 5, 2009 question about why he was being kept in a holding cell. (Filing No. 1 at CM/ECF p. 13.) Even under the most liberal construction, this claim does not allege that Defendant deprived Plaintiff of a right secured by the Constitution or laws of the United States. Further, this allegation lacks sufficient factual content for the court to draw a reasonable inference that Free committed any misconduct whatsoever. Accordingly, Plaintiff's claims against Free are dismissed without prejudice for failure to state a claim upon which relief may be granted.

**C.     Plaintiff's Eighth Amendment Medical Claims Against the Unknown Nurses**

Plaintiff's only remaining allegations are against the Unknown Nurses. The court liberally construes these allegations to allege an Eighth Amendment claim relating to denial of medical treatment. A prisoner-plaintiff seeking relief for claims relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)).

Further, a plaintiff must allege that he had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn* 491 F.3d 394, 396-97 (8th Cir. 2007); *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006). "[S]ociety does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* (citing *Estelle*, 429 U.S. at 103-04).

Here, a nurse treated Plaintiff's ears with ear drops when they were oozing fluids. (Filing No. 1 at CM/ECF pp. 6-7.) In addition, a nurse provided Plaintiff with an inhaler when he was having an asthma attack. (*Id.* at CM/ECF pp. 10-11.) Although these treatments each occurred after a delay created by a CO's refusal to call a nurse, Plaintiff does not allege that the treating nurses disregarded his medical needs. In fact, Plaintiff alleges that the nurses provided him with care. (*Id.* at CM/ECF pp. 6-7, 10-11.) Accordingly, Plaintiff has failed to state a cognizable Eighth Amendment medical claim against the Unknown nurses and his claims against them must be dismissed.

### D. State Law Claims

Although Plaintiff's allegations do not establish an Eighth Amendment claim, liberally construed, they might be enough to establish a state law claim for medical malpractice. The court declines to exercise supplemental jurisdiction over such a claim because it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1.  Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2.  A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 25th day of January, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.